# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 09, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 12-11960-AA
Case Style: USA v. Jason Sherman
District Court Docket No: 9:09-cr-80022-DTKH-1

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter and the judgment are also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to the district court, counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Eleanor M. Dixon
Phone #: (404) 335-6172

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 12-11960

_____

District Court Docket No.
9:09-cr-80022-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON DAVID SHERMAN,
a.k.a. Jason Sherman,

Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: November 08, 2012
For the Court: John Ley, Clerk of Court
By: Djuanna Clark



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11960
Non-Argument Calendar
_____

D.C. Docket No. 9:09-cr-80022-DTKH-1

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

JASON DAVID SHERMAN,
a.k.a. Jason Sherman,

                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 8, 2012)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jason David Sherman appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Sherman argues that the district court erred when it determined that because his sentence was based on a mandatory-minimum sentence, it lacked the authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Sherman contends that his current 72-month sentence was based upon the 121- to 151-month Guidelines range and a substantial-assistance reduction, not the mandatory-minimum sentence in effect at the time of his initial sentencing. The United States filed a brief in support of confession of error. After a review of the record and briefs, we reverse the district court's finding that it had no authority to reduce Sherman's sentence.

"We review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). "We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion." *Id.*

"As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c)." *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008) (per curiam). One exception is for a "defendant who has been sentenced to a term of

2

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "In such a case, 'the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Williams*, 549 F.3d at 1339 (quoting 18 U.S.C. § 3582(c)(2)).

The Fair Sentencing Act of 2010 (FSA), reflected in Amendment 750 to the Sentencing Guidelines, reduced the statutory penalties for crack cocaine offenses. *See* Fair Sentencing Act of 2010 § 2(a), Pub. L. No. 111-220, 124 Stat. 2372, 2372 (to be codified as amended at 21 U.S.C. § 841(b)(1)). As of November 1, 2011, Amendment 750 applied retroactively. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) app. C, amend. 713, at 253. Nevertheless, in a § 3582(c)(2) proceeding, the district court lacks the authority to reduce a defendant's sentence when the amended guideline "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In *United States v. Liberse*, the defendant's Guidelines range at the time of his original sentencing was 121 to 151 months. 688 F.3d 1198, 1199 (11th Cir. 2012). The defendant was subject to the 120-month mandatary minimum; however, it did not affect the calculation of his Guidelines range because that

3

mandatory minimum was less than the 121-month bottom of the Guidelines range. *Id*. at 1199–1200. The defendant was not sentenced under a mandatory minimum, but instead within the Guidelines range for his offense. *Id*. at 1200.

The government later filed a Federal Rule of Criminal Procedure Rule 35(b) motion to reduce the defendant's sentence based on his substantial assistance to the government; the district court granted the motion and reduced the defendant's sentence to 97 months. *Id*. After the promulgation of Amendment 750, the defendant filed a § 3582(c)(2) motion to reduce his sentence, which the district court denied after concluding that it lacked the authority to reduce the defendant's sentence. *Id.*

This court noted that, regardless of whether the FSA applied, the defendant would still be subject to the 120-month mandatory-minimum sentence. *Id*. at 1202. The mandatory minimum, we said, would be his amended Guidelines range because the 120-month mandatory minimum was greater than the top of his otherwise applicable amended Guidelines range of 70 to 87 months. *Id.*; *see* U.S.S.G. § 5.G1(b). Since the defendant's Guidelines range was lowered, we held that the district court erred in concluding that it lacked the authority to reduce the defendant's sentence. *Liberse*, F.3d at 1202. Because the defendant had received a substantial-assistance reduction from his original sentence, we determined that,

4

based upon U.S.S.G. § 1B1.10(b)(2)(B), a comparable reduction to the amended Guidelines range might be appropriate. *Id.* at 1203. We vacated and remanded for the district court to consider to what extent, if any, the defendant's sentence should be reduced. *Id.*

This case is similar to *Liberse*. Sherman initially faced a Guidelines range of 121 to 151 months. The mandatory minimum at the time of Sherman's sentencing was 120 months. Sherman was sentenced to 132 months of imprisonment. The government, however, later filed a motion under Rule 35(b) to reduce the 132-month sentence based on Sherman's substantial assistance. The district court granted the motion and re-sentenced Sherman to a 72-month term of imprisonment.

As a result of FSA and its corresponding amendments, Sherman's Guidelines range was lowered from a range of 121 to 151 months of imprisonment to a range of 78 to 97 months of imprisonment. But because Sherman was subject to a 120-month mandatory minimum sentence, his Guidelines range must be 120 months of imprisonment. *See* U.S.S.G. § 5G1.1(b). This, however, is still a reduction from the previously applied range of 121 to 151 months. *See Liberse*, 688 F.3d at 1202. Thus, because Sherman's sentencing range was reduced by Amendment 750, he meets the requirements of § 3582(c)(2), and the district court

5

had the authority to consider reducing his sentence.  *See* § 3582(c)(2).

Furthermore, because Sherman received a Rule 35(b) substantial assistance reduction from his original 132-month sentence, pursuant to U.S.S.G. § 1B1.10(b)(2)(B), a comparable reduction to the amended Guidelines range may be appropriate.  *See Liberse*, 688 F.3d at 1202.  Therefore, we vacate the district court's denial of Sherman's § 3582(c)(2) motion, and remand for the district court to consider to what extent, if any, Sherman's sentence should be reduced.  *See id.* at 1203.

**VACATED AND REMANDED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 08, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-11960-AA
Case Style: USA v. Jason Sherman
District Court Docket No: 9:09-cr-80022-DTKH-1

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Eleanor M. Dixon, AA at (404) 335-6172.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

PS. Order enclosed.

OPIN-1 Ntc of Issuance of Opinion