UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80022-CR-Hurley/Hopkins

UNITED STATES OF AMERICA,

v.

JASON DAVID SHERMAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

### Background

The Defendant, JASON DAVID SHERMAN, appeared before the Court on July 29, 2015 for a contested final hearing on the Superseding Petition for Offender under Supervision ("Petition") [DE 118]. In 2009, Defendant pled guilty to, and was convicted of, conspiracy to possess with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (Count 1). [DE 74]. On December 4, 2009, Senior United States District Judge Daniel T.K. Hurley sentenced Defendant to 132 months in federal prison followed by five years of supervised release. Judge Hurley also imposed special conditions of supervised release, including substance abuse treatment. On April 21, 2011, Defendant's sentence was reduced from 132 months to 72 months in federal prison. On November 19, 2012, Defendant's sentence was again reduced from 72 months to 65 months in federal prison. Defendant's term of supervised release commenced on April 29, 2013. [DE 118].

Defendant is now charged with the following violations of his supervised release:

1. **Violation of Standard Condition**, by leaving the judicial district without first

1

securing permission of the probation officer. On or about April 30, 2015, the Defendant traveled to Los Angeles County, Long Beach, California, without securing the permission of the probation officer or the court, as evidence by his arrest by the Long Beach Police Department for Count 1: Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code §§ 11351 and 11370.4(a)(4); Count 2: Possession of a Controlled Substance with a Firearm, in violation of California Health and Safety Code § 11370.1(a); and Count 3: Fleeing a Pursuing Peace Officer's Motor Vehicle While Driving Recklessly, in violation of California Vehicle Code § 2800.2.

2. **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about April 30, 2015, the defendant was arrested by Long Beach Police Department, Long Bach, Los Angeles County, California, and he failed to advise the U.S. Probation Officer.

3. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 30, 2015 in Los Angeles County, California, the defendant committed the offense of Count 1: Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code §§ 11351 and 11370.4(a)(4), a felony, in Case No. NA101879.

4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 30, 2015 in Los Angeles County, California, the defendant committed the offense of Count 2: Possession of a Controlled Substance with a Firearm, in violation of California Health and Safety Code § 11370.1(a), a felony, in Case No. NA101879.

5. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 30, 2015 in Los Angeles County, California, the defendant committed the offense of Count 3: Fleeing a Pursuing Peace Officer's Motor Vehicle While Driving Recklessly, in violation of California Vehicle Code § 2800.2, a felony, in Case No. NA101879.

### Final Hearing

### Government's Case

At the July 29, 2015 final hearing, the Government called one witness and introduced ten exhibits. Exhibit 1 is a copy of the judgement, sentence, and conditions of supervised release signed by the Defendant on April 29, 2013 and by his probation officer at the time, Karen Howard. Exhibit 2 is copies of the California statutes that are relevant to the charges against the Defendant in California. Exhibit 3 is the Report of Officer Cristopher Thue from the Defendant's arrest on April 30, 2015. Exhibit 4 is the statement of Officer Jarrod Lewis on April 30, 2015 following the Defendant's arrest and waiver of his Miranda rights. Exhibit 5 is the Forensic Report of the Long Beach Police Department establishing that the substance found in the Defendant's car was cocaine. Exhibit 6 is a copy of the Defendant's Florida driver's license with the name Tevin Delray Joseph. Exhibits 7 and 8 are photographs depicting the 13 kilograms of cocaine found in the Defendant's car and the 8 kilograms of cocaine found in a safe belonging to the Defendant. Exhibit 9 is a photograph that depicts the 9 millimeter firearm found in the Defendant's car. Finally, Exhibit 10 is a video of the police pursuit of the Defendant immediately before his arrest on April 30, 2015.

The Government called Marisa Barwig to testify. Probation Officer Barwig testified that she has been a probation officer for fifteen years and that she has been supervising the Defendant

since she received the case from Probation Officer Karen Howard. According to Probation Officer Barwig, Probation Officer Howard was the one to advise the Defendant of his terms of supervised release when he was released on April 29, 2013. The Defendant signed the document on the same date. *See* Exhibit 1.

Probation Officer Barwig explained that Detective Jarrod Lewis of the Long Beach Police Department notified her about the Defendant's April 30th arrest on May 1, 2015. Probation Officer Barwig was provided with a copy of Officer Thue's arrest report and summarized it on the stand. According to Officer Thue's arrest report dated April 30, 2015, the Defendant was part of an undercover sting operation. The report states that the Defendant purchased thirteen kilograms of cocaine from an undercover police officer for $320,000 in cash then entered his car with an associate. Then, when law enforcement tried to pull over the Defendant, the Defendant would not stop at which time law enforcement turned on their lights and sirens. The Defendant proceeded to engage law enforcement in a pursuit lasting approximately thirty-five minutes. Officer Thue reported that during the pursuit, which was recorded on an aerial surveillance platform, the Defendant was driving recklessly, at high speeds, weaving in and out of traffic, driving on sidewalks, and running red lights. Further, the Defendant led law enforcement on the pursuit through residential neighborhoods and on freeways. Probation Officer Barwig informed the Court that the video shows the pursuit ending in a housing development in Compton after approximately thirty-five minutes.

Once the Defendant was arrested, Officer Thue's report states that the Defendant gave a false name, Tevin Delray Joseph, to law enforcement. Further investigation by law enforcement revealed that this alias for the Defendant also had a social security number and date of birth on record. Moreover, in the Defendant's car, law enforcement found 13 kilograms of cocaine in a

suitcase, a loaded Smith & Wesson 9 millimeter firearm, four safes, and various other items. Forensic reports of the Long Beach Police Department confirmed that the substance found in the Defendant's car was cocaine.

Following his arrest, the Defendant was read his Miranda rights and then made a statement to Detective Lewis, which was summarized by Probation Officer Barwig on the stand. The Defendant informed Detective Lewis that he had traveled from Florida to California approximately eight to ten times in a year and a half time span in order to purchase cocaine. The Defendant stated that he would mail the cash to himself in California, purchase the cocaine, and mail the cocaine back to Florida. The Defendant admitted that he was going to ship the 13 kilograms of cocaine he purchased back to Florida. The Defendant also admitted to Detective Lewis that he knew there was a loaded gun in his vehicle.

Law enforcement also found shipping documentation in the Defendant's car. Law enforcement went to the shipping location and the owner of the location identified the Defendant as having a shipping container at that location. Then, law enforcement obtained a search warrant and a search of the Defendant's shipping crate revealed a safe similar to the ones found in the Defendant's car. Inside the safe, law enforcement found eight kilograms of cocaine.

Despite being one of the requirements of Defendant's supervised release, the Defendant failed to notify Probation Officer Barwig of his April 30, 2015 arrest. Probation Officer Barwig testified that she telephoned the Defendant on May 7, 2015 at which time the Defendant did not tell her about the arrest. During the brief telephone call, the Defendant only informed Probation Officer Barwig that he was attending school at Broward State College and working as a limousine detailer.

## Analysis

### *Violation 1:   Leaving the District Without Permission of the Probation Officer*

The Court finds that the Government has shown, by a preponderance of the evidence, that the Defendant left the judicial district during his supervised release period without permission from his probation officer. The Defendant is charged with a violation of leaving the judicial district without first securing permission of the probation officer.   Following his supervised release on April 29, 2013, the Defendant was instructed to remain in the Southern District of Florida during his supervised release period.   The Defendant was required to obtain permission from his probation officer in order to leave the Southern District of Florida.   The Defendant was arrested in Los Angeles County, Long Beach, California on April 30, 2015.   *See* Exhibit 3.   Probation Officer Barwig testified at the July 29, 2015 hearing that the Defendant had not sought permission to leave the Southern District of Florida.   This testimony was uncontroverted.   The Court finds Probation Officer Barwig's testimony to be credible.

### *Violation 2:   Failure to Notify Probation Officer of Arrest*

As to Violation 2, the Court finds that the Government has shown, by a preponderance of the evidence, that the Defendant failed to notify his probation officer of his arrest.   During the July 29, 2015 final hearing, Probation Officer Barwig testified that, pursuant to the conditions of supervised release, the Defendant had to notify her of any arrests within 72 hours of the arrest. Probation Officer Barwig testified that the Defendant did not attempt to contact her within 72 hours of his arrest on April 30, 2015.   Probation Officer Barwig also testified that she contacted the Defendant on May 7, 2015, more than 72 hours after the arrest, but he failed to inform her of the arrest during that telephone call.   This testimony was uncontroverted.   The Court finds Probation Officer Barwig's testimony to be credible.

### *Violation 3: Possession for Sale of a Controlled Substance*

Here, the Defendant is charged with a violation of California Health and Safety Code §§ 11351 and 11370.4(a)(4). Section 11351 provides:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for two, three, or four years.

Section 11370.4(a)(4) provides:

> Any person convicted of a violation of, or of a conspiracy to violate, Section 11351, 11351.5, or 11352 with respect to a substance containing heroin, cocaine base as specified in paragraph (1) of subdivision (f) of Section 11054, or cocaine as specified in paragraph (6) of subdivision (b) of Section 11055 shall receive an additional term as follows:
>
> (4) Where the substance exceeds 20 kilograms by weight, the person shall receive an additional term of 15 years.

As to Violation 3, the Court finds that the Government has shown, by a preponderance of the evidence, that the Defendant committed the offense of possession for sale of a controlled substance. During the July 29, 2015 final hearing, counsel for the Government presented Exhibit 5, which was a forensic report from the Long Beach Police Department confirming that the substance found in the Defendant's car was cocaine. Moreover, in the statement the Defendant gave to Officer Lewis following his arrest, the Defendant admitted that he was going to ship the 13 kilograms of cocaine found in his car to Florida. *See* Exhibit 4.

### *Violation 4: Possession of a Controlled Substance with a Firearm*

Here, the Defendant is charged with a violation of California Health and Safety Code § 11370.1(a). Section 11370.1(a) provides:

7

> Notwithstanding Section 11350 or 11377 or any other provision of law, every person who unlawfully possesses any amount of a substance containing cocaine base, a substance containing cocaine, a substance containing heroin, a substance containing methamphetamine, a crystalline substance containing phencyclidine, a liquid substance containing phencyclidine, plant material containing phencyclidine, or a hand-rolled cigarette treated with phencyclidine while armed with a loaded, operable firearm is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years.

As to violation 4, the Court finds that the Government has proved, by a preponderance of the evidence, that the Defendant committed the offense of possession of a controlled substance with a firearm. As stated previously, counsel for the Government introduced Exhibit 5, which was a forensic report from the Long Beach Police Department confirming that the substance found in the Defendant's car was cocaine. Further, in the statement the Defendant gave to Detective Lewis following his arrest, the Defendant admitted that he knew there was a loaded handgun in his car. *See* Exhibit 4.

### *Violation 5: Fleeing a Pursuing Peace Officer's Motor Vehicle While Driving Recklessly*

Here, the Defendant is charged with a violation of California Vehicle Code § 2800.2. Section 2800.2 provides:

> (a) If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year. The court may also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine.
>
> (b) For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs.

As to Violation 5, the Court finds that the Government has shown, by a preponderance of

8

the evidence, that the Defendant committed the offense of fleeing a pursuing peace officer's motor vehicle while driving recklessly. Officer Thue's report stated that the Defendant fled a pursuing peace officer after law enforcement attempted to conduct a traffic stop by putting on their lights and sirens. *See* Exhibit 3. During the pursuit, according to Officer Thue's report, the Defendant ran several red lights, weaved in and out of traffic, and broke numerous speed laws without any concern for the public safety. *See id.* Moreover, there was a video taken of the pursuit, which shows the Defendant speeding, weaving in and out of traffic, running red lights, driving on the shoulder of the road, driving on sidewalks, and driving on the wrong side of the road. *See* Exhibit 10. On the video, the Defendant also drives through residential areas and on highways in a reckless manner. *See id.*

In light of the evidence presented and the parties' arguments at the final hearing, this Court concludes, by a preponderance of the evidence, that Defendant violated standard and mandatory conditions of his supervised release by leaving the district without permission, failing to inform his probation officer of his arrest, and violating the law while on supervised release.

## Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Judge find that Defendant has violated the terms and conditions of supervised release as alleged in violations 1-5. It is further recommended that the matter be set down for sentencing on violations 1-5 before the Honorable United States District Judge Daniel T.K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 30th day of July, 2015.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE